IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

Anjele Amacker

2427 Allen St

New Orleans, LA 70119

Plaintiff,

Vs.

The New Orleans Police Department

3900 N Claiborne Ave,

New Orleans, LA 70117

Dannye B. Jones (landlord)

501 West Marlin ct.

Terrytown, LA 70056

Brooks Grocery & Deli, LLC

2434 Allen St,

New Orleans, LA 70119

JURY DEMAND

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

1.

PARTIES

A.   The Plaintiff

Anjele' Amacker

2427 Allen St,

New Orleans, LA 70119

979-484-4417

Amacker5@proton.me


B.   The Defendants

 The New Orleans Police Department 5th district

3900 N Claiborne Ave,

New Orleans, LA 70117

504-658-6050

 Dannye B. Jones (landlord)

501 West Marlin ct.

Terrytown, LA 70056

504-224-8127

Brooks Grocery & Deli, LLC

2434 Allen St,

New Orleans, LA 70119

504-949-3073

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

2.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the substantive case arise under the United States Constitution and federal laws of the United States, including 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act (ADA), and the Violence Against Women Act (VAWA). This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(a).

3.

## LEGAL CLAIMS

A. VI of the Civil Rights Act of 1964

Prohibits racial discrimination in public places or services.

B. The Violence Against Women Act (VAWA) 34 U.S.C. § 12471 et seq.

Provides protection, investigation, prosecution of violent crimes against women and allows civil redress.

C. Section 504 of the Rehabilitation Act / ADA

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

Prohibits the exclusion and denying individuals with disabilities an equal opportunity to receive services.

    D.  42 U.S.C. § 1983 addresses civil rights violations committed under the color of law.

4.

A.  The New Orleans Police Department 5th District acted under color of law by engaging in unlawful searches, mail tampering, refusing to provide protection, and conspiring with two or more people. Thereby The New Orleans Police Department 5th District did violate Plaintiff's rights under the fourth and fourteenth amendments by denying the plaintiff public service.

B.  Dannye Jones, a public housing landlord, act under color of law by using his power to retaliate, search the plaintiff's property without consent, construct evictions, manipulate utility services, and disclose false information to third parties. Therefore, these actions qualify under § 1983 through conspiracy.

C.  Brooks Grocery & LLC acted under the color of law by conspiring with The New Orleans Police Department 5th District and Dannye Jones to stalk and target the plaintiff, including planting evidence and denying service in a public store. Private actors may also be held liable under § 1983 when they collude with state officials in violating federal laws and rights.

5.

The Plaintiff initiates this civil rights action to address the violation of rights protected by the First, Fourth, and Fourteenth Amendments under state law. Plaintiff alleges that the defendants denied access to services, and facilities. The defendants have failed and refused to uphold their duties while dealing with citizens publicly that contributes to state taxation.

6.

Plaintiff, Anjele Amacker, is a citizen of the United States and a resident of New Orleans, Louisiana.

The defendant, The New Orleans Police Department 5th District, is incorporated under the laws of the State of Louisiana and has its principal place of business in New Orleans, Louisiana.

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

The Defendant, Dannye B. Jones, is a citizen of the United States and a resident of New Orleans, Louisiana.

The Defendant, Brooks Grocery & Deli, operates at 2434 Allen St, New Orleans, LA 70119 and is incorporated under the laws of the State of Louisiana.

7.

The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks compensatory and punitive damages for physical harm, emotional distress, constitutional rights, property loss, and educational setbacks.

8.

Venue is proper in the United States District Court for the Eastern District of Louisiana adherence to 28 U.S.C. § 1391(b), because the events giving occurred in Orleans Parish, which is located in New Orleans, Louisiana.

9.

STATEMENT OF CLAIM

A. The New Orleans Police Department 5th District

The New Orleans Police Department has patterns of using excessive force and racial discrimination. This police department violated the plaintiff's civil rights by denying necessary and adequate protection to the plaintiff and mistreating her. The New Orleans Police Department officials shall not but willingly engaged in discriminatory policing practices, by making false arrests, planting evidence, providing untruthful statements, conducting unlawful searches, and exhibiting moral misconduct while on duty.

11.

On 6/28/25, the plaintiff attempted to report a crime at the 5th district station but was denied entry into the station. The accused officer who was working at the front desk hid from the plaintiff to avoid taking her incident report, and when the accused officer attempted to leave the 5th district station to go to her unit, then she shouted at the plaintiff, "I'm not helping you."

12.

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

Moreover, The New Orleans Police Department 5th District aided neighbors and Dannye Jones to stalk and target the plaintiff by refusing to investigate crimes the plaintiff reported, making false statements against her, planting evidence, conducting unlawful searches, false arrest, mail tampering, and retaliation.

13.

On March 23, 2025, The New Orleans Police Department 5th District knowingly made false statements to the children's hospital ER doctor pertaining to the plaintiff's toddler. As a result of the untruthfulness, the plaintiff was separated from the plaintiff's toddler, and both suffered severe emotional distress. This led to mental hospitalization and academic GPA decreases due to failed courses. Such conduct violates the plaintiff's fourth amendment that protects citizens from unreasonable searches, like mail tampering. Since The New Orleans Police department willingly failed to protect and make services available to the plaintiff her fourteenth amendment was violated as well as her first amendment. The first amendment specifically protects the plaintiff's right to free speech and freedom from retaliation for doing so, thereby The New Orleans Police Department failed at being unbiased and impartial.

14.

B. Dannye Jones (Landlord)

The plaintiff's landlord, Dannye Jones, denied repair services, failed to ensure safety, ignored disability accommodations, and colluded with The New Orleans Police Department 5th District along with Brooks Grocery & Deli, LLC. Dannye Jones unlawfully entered the unit, tampered with the electric utility meter causing bill increases, and disclosed private child welfare information to the downstairs tenant (Lelia Richards), who has since used it to harass and threaten the plaintiff and her toddler.

15.

After understanding the plaintiff's disability, parental status, men peeping through windows, and the toilet running nonstop, Dannye Jones decided to evict the plaintiff, searched the plaintiff's personal property without consent, write threatening messages in the plaintiff's diary, and make false allegations on notices.

16.

Dannye Jones knowingly conspired with The New Orleans Police Department 5th District and the manager of Brooks Grocery and Deli, LLC to obtain a mutual agenda of retaliation and support abuse of power.

*Anjele' Amacker*
Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

17.

Also, on April 14, 2025, Dannye Jones assisted with the planting of stolen evidence from Brooks Grocery & Deli, LLC, that was inside the plaintiff's home and made subtle statements to The New Orleans Police Department 5th District to ruin the plaintiff's reputation, provoke legal actions, and documents to support a constructive eviction in order to avoid accountability. The police arrived to arrest the plaintiff but the plaintiff placed the strange keys inside her mailbox in order to protect herself from malicious schemes and arrests. As Dannye Jones colluded with The New Orleans Police Department 5th District and disregarded safety hazards, the plaintiff experienced physical harm and emotional distress.

18.

C. Brooks Grocery & Deli LLC

The manager of Brooks Grocery & Deli, LLC, Wiley, willfully conspired with two or more people for the specific purpose of committing a crime such as The New Orleans Police Department 5th District and Dannye Jones to plant keys from the store inside the plaintiff's home. On April 14, 2025, Wiley called the police to report a theft against the plaintiff. The plaintiff asked the manager at Brooks Grocery & Deli, LLC to see the camera, but the manager refused to talk or reveal camera footage.

19.

Since then the manager of Brooks Grocery & Deli, and his associates have been spying on the plaintiff; when the plaintiff tried to report the behavior to the manager of Brooks Grocery & Deli, he brushed the plaintiff off hastily. So, the manager of Brooks Grocery and Deli conspired with The New Orleans Police Department 5th District and Dannye Jones, given that the property owner, Jones, have access to the unit and the manager from Brook's Grocery & Deli, silence after their failed mutual schemes took place.

20.

The keys were initially inside of Brooks Grocery & Deli, LLC, but somehow appeared inside the plaintiff's home. Therefore, all defendants have committed criminal conspiracy which is against the law in the United States of America.

21.

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

The manager of Brooks Grocery & Deli, engages with everyone in the store (Brooks Grocery & Deli, LLC ) but when the plaintiff attempted to report stalking and questioned theft the manager of refused to cooperate.

22.

The Plaintiff and her toddler were often treated unfairly compared to other customers when they tried to purchase food items from Brooks Grocery & Deli, LLC. Such conduct emotionally abused the plaintiff, by destroying her property of reputation and integrity. This action violates Title VI of the Civil Rights Act (42 U.S.C. § 2000d et seq.) by denying services and practicing racial discrimination while benefiting from federal funds like SNAP/EBT funds.

23.

INJURIES

The Plaintiff sustained injuries that resulted from the defendant's wrongdoings that violated her mental wellbeing, academic GPA, reputation and rights. The prescribed medical treatment for insomnia includes Vistaril 50 mg, while buspirone is used to treat PTSD an anxiety. Moreover, the Plaintiff also suffered academically, resulting in a GPA decrease from 4.0 to 2.5.

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court enter judgment declaring that the acts and omissions of the Defendants, as set forth above, violate rights secured to Plaintiff by the

in favor of plaintiff and against all named defendants for violating federal constitutional and statutory rights.

2. That the Court Award compensatory/actual damages in an amount not less than 750,000.

- $19,534.73 for Medicaid-billed treatment.

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

- 3,000 for loss of education and academic disruption, including failed coursework.

- An exact amount of payment awarded to the plaintiff to be determined at trial for pain and suffering, mental anguish, emotional distress, and loss of quality of life.

3. That the Court award punitive damages to the plaintiff.

4. That the Court issue a declaratory judgment stating that defendants conduct violated the plaintiff's rights under the United States Constitution and federal laws.

5. That the Court award cost of suit, including filing and service fees.

6. That the Court award attorney fees and litigation support costs pursuant to 42 U.S.C. § 1988.

7. That after trial, the Court Issue a preliminary and permanent injunction prohibiting the defendant Dannye B. Jones from participating in any federally funded housing programs due to violations of federal law and HUD regulations in the state of Louisiana as a whole.

8. That the Court refer this matter of the defendant's acts for criminal investigation under applicable federal and state statutes, including but not limited to conspiracy, fraud, child endangerment, and mail tampering.

9. That the Court award such other and further relief as the Court may deem just, equitable, and appropriate under the circumstances in this case.

VAWA CIVIL RIGHTS REMEDIES (34 U.S.C. § 12361 et seq.)

TITLE VI DAMAGES PROVISION (42 U.S.C. § 2000d et seq.)

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025

Anjele' Amacker
2427 Allen St,
New Orleans, LA 70119
979.484.4417
7/21/2025